RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 19a0154p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

**18-5703**

BRIAN DAVID BRUMBACH,

*Petitioner-Appellee*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellant*.

> Nos. 18-5703/5705

**18-5705**

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

BRIAN DAVID BRUMBACH,

*Respondent-Appellee*.

───────────────

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
Nos. 3:09-cr-00227-1; 3:16-cv-00776—David M. Lawson, District Judge.

Argued:  June 27, 2019

Decided and Filed:  July 11, 2019

Before:  SILER, BATCHELDER, and DONALD, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:**  Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellant.  Michael C. Holley, FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellee.  **ON BRIEF:**  Cecil W. VanDevender, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellant.  Michael C. Holley, FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellee.

---

**OPINION**

---

BERNICE BOUIE DONALD, Circuit Judge.   Brian David Brumbach ("Brumbach") filed for relief under 28 U.S.C. § 2255, arguing that his sentence had been improperly enhanced under the Armed Career Criminal Act ("ACCA") because his twelve prior convictions for Tennessee aggravated burglary did not qualify as violent felonies under the ACCA.   The district court stayed his petition until this court issued a ruling in *United States v. Stitt*, where we held that Tennessee's aggravated burglary statute did not qualify as an enumerated offense under the ACCA.   *United States v. Stitt*, 860 F.3d 854, 860–61 (6th Cir. 2017) (en banc) ("*Stitt I*"). Applying *Stitt I*, the district court granted Brumbach's § 2255 petition.   However, the Supreme Court ultimately reversed *Stitt I* in *United States v. Stitt*, 139 S. Ct. 399, 408 (2018) ("*Stitt II*"). Accordingly, we reverse the district court's order granting Brumbach's petition, and remand for reinstatement of his original sentence.

## I.      Background

On May 23, 2009, Brumbach was arrested for pointing a gun at a man who had been talking to Brumbach's girlfriend.   Brumbach was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), to which he pleaded guilty under a Fed. R. Crim. P. 11(c)(1)(C) plea agreement in 2011.   Brumbach agreed that because he had at least three previous convictions for violent felonies and possessed a gun, he qualified as an armed career criminal under 18 U.S.C. § 924(e)(1).   The parties agreed to a mandatory minimum sentence of 180 months' imprisonment.

The United States Probation Office prepared a Presentence Investigation Report ("PSR"), within which the Probation Office explained that Brumbach had twelve prior convictions for aggravated burglary under Tennessee law, and classified him as an armed career criminal.   At sentencing, Brumbach raised no objections to the PSR, and the district court accepted the plea agreement and imposed a sentence of 180 months in prison.

After the Supreme Court struck down the ACCA's residual clause in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Brumbach filed a timely § 2255 motion to vacate or correct his sentence. Brumbach asserted that his convictions for aggravated burglary could no longer count as violent felonies under the ACCA, and he was thus no longer subject to the mandatory minimum sentence set for armed career criminals.

The district court granted Brumbach's motion to stay those proceedings until our en banc court ruled in *Stitt I*. In that case, we considered whether a conviction under Tennessee's aggravated burglary statute constitutes a violent felony under the ACCA. We ruled that it did not. *Stitt I*, 860 F. 3d at 856, 860–61.

The government conceded that, in light of *Stitt I*, Brumbach no longer qualified as an armed career offender, but maintained that *Stitt I* was wrongly decided. Applying our holding in *Stitt I*, the district court granted Brumbach's habeas petition, and on June 25, 2018, imposed a new sentence of time served, which equated to 105 months in prison. The government notified the district court of its intent to appeal its order should the Supreme Court reverse *Stitt I*.

In December 2018, the Supreme Court reversed *Stitt I*. *Stitt II*, 139 S. Ct. at 408. As promised, the government appealed the district court's order granting Brumbach's § 2255 petition.

**II.     Analysis**

"The ACCA imposes a fifteen-year mandatory-minimum prison sentence on persons who violate 18 U.S.C. § 922(g), the federal felon-in-possession-of-a-firearm statute, and who have three previous state or federal convictions for 'violent felon[ies] or serious drug offense[s].'" *United States v. Burris*, 912 F.3d 386, 391–92 (6th Cir. 2019) (en banc) (quoting 18 U.S.C. § 924(e)(1)). As relevant here, the ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "is burglary, arson, or extortion, involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii). To determine whether a prior conviction for Tennessee aggravated burglary qualifies as a violent felony, we apply the "categorical approach" by comparing the statutory elements of Tennessee aggravated burglary with the elements of "generic" burglary. *Descamps v. United States*, 570 U.S. 254, 257 (2013). "The prior conviction

qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.*

"Tennessee defines aggravated burglary as the 'burglary of a habitation,' Tenn. Code Ann. § 39-14-403, and defines 'habitation' as 'any structure . . . which is designed or adapted for the overnight accommodation of persons,' *id.* § 39-14-401(1)(A)." *Stitt I*, 860 F.3d at 857. Under Tennessee law, "'habitation' includes 'mobile homes, trailers, and tents,' as well as any 'self-propelled vehicle that is designed or adapted for the overnight accommodation of persons[.]'" *Id.* In contrast, "'generic burglary' means 'an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.'" *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)).

We concluded in *Stitt I* that a conviction under the Tennessee statute is not a violent felony for ACCA purposes because we found that "Tennessee's aggravated-burglary statute sweeps more broadly than generic burglary[.]" *Stitt I*, 860 F.3d at 860–61. We also overruled our previous decision in *United States v. Nance*, "which held that the statute matches the ACCA's definition of generic burglary." *Id.* at 861 (citing *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007)).

The Supreme Court granted a writ of certiorari in *Stitt I* to consider whether "burglary of a nonpermanent or mobile structure that is adapted or used for overnight accommodation can qualify as 'burglary' under the [ACCA]." *Stitt II*, 139 S. Ct. at 404 (citation omitted). The Supreme Court found that "[t]he relevant language of the Tennessee . . . statute[] falls within the scope of generic burglary's definition as set forth in *Taylor*," and thus reversed *Stitt I*. *Id.* at 406, 408. Given this history, we now turn to Brumbach's claim that his previous convictions for aggravated burglary are not violent felonies under the ACCA.

We review "*de novo* a district court's determination regarding whether a prior conviction constitutes a 'violent felony' under the ACCA." *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016) (quotation marks and citation omitted).

The government argues that because *Stitt I*—the basis for originally vacating Brumbach's sentence—was reversed by the Supreme Court, his original 180-month sentence should be

reinstated.  This reversal, according to the government, necessarily undid this court's overruling of *Nance*.  Brumbach contends that the Supreme Court, however, did not determine that Tennessee aggravated burglary is necessarily a generic burglary because it did not examine all aspects of the Tennessee statute.  Nevertheless, the Supreme Court did reverse the rationale by which we overruled *Nance*.  Although this court has never ruled as such, it necessarily follows that *Nance's* holding, which is directly on point, is once again the law of this circuit.  *Nance*, 481 F.3d at 888 (ruling that "Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes.").  Indeed, courts within this circuit have followed such reasoning.  *See*, *e.g.*, *Patterson v. United States*, No. 1:15-CV-01300, 2019 WL 472257 at *3 (W.D. Tenn. Feb. 6, 2019) (recognizing that because *Stitt II* reversed *Stitt I*, the petitioner's "two aggravated burglary convictions qualify as violent felonies under the ACCA."); *Shelton v. United States*, No. 1:18-CV-287-CLC, 2019 WL 1556670 at *3 (E.D. Tenn. Apr. 10, 2019) (concluding that petitioner's conviction for aggravated burglary is a violent felony because "[t]he Supreme Court has held that aggravated burglary under Tennessee law is generic burglary within the meaning of the ACCA."); *Melton v. United States*, No. 3:18-CV-347-TWP, 2019 WL 2114180 at *7 (E.D. Tenn. May 14, 2019) (observing that after *Stitt II* "the Sixth Circuit's decision in *Stitt [I]*, although binding law at the time when Petitioner filed his § 2255 motion, is no longer valid.").

Notably, Tennessee's aggravated burglary statute directly references Tennessee's simple burglary statute.  *See* Tenn. Code Ann. § 39-14-402 ("Aggravated burglary is a burglary of a habitation as defined in §§ 39-14-401 and 39-14-402.").  Since the Supreme Court issued *Stitt II*, courts in the Sixth Circuit have cited *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017) (relying on *United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015)), which held, broadly, that "convictions under subsections (a)(1), (a)(2), or (a)(3) of the Tennessee burglary statute [Tenn. Code Ann. § 39-14-402] fit within the generic definition of burglary and are therefore violent felonies for purposes of the ACCA."  One district court explained:

> At the time the Sixth Circuit issued its decision in *Ferguson*[], there may have been some uncertainty as to the continued import of *Priddy*, due to the Sixth Circuit's decision in *Stitt [I]*, which overruled *Nance*[], a case on which *Priddy* had placed significant reliance. Those concerns likely have been resolved, as the Supreme Court has unanimously reversed . . . *Stitt [I]*.

*Jenkins v. United States*, No. 3:10-CR-435, 2019 WL 460493, at \*1 n.1 (N.D. Ohio Feb. 6, 2019). No one contends that *Ferguson* is not binding precedent, and as the district court in *Jenkins* observed, any concerns about the relationship between *Ferguson*, *Priddy*, and *Nance* have been resolved with *Stitt II*.

Brumbach also argues that reversal is not warranted on a separate ground. Although the district court did not explicitly recognize it, Brumbach contends that Tennessee's definition of "entry" is so broad that it treats an attempted burglary as a completed burglary. According to Brumbach, because the Supreme Court has held that an attempted burglary is not a generic burglary, a conviction under Tennessee's burglary statute does not qualify as a violent felony under the ACCA. (Response Brief at 11, citing *James v. United States*, 550 U.S. 192, 198 (2007) (holding that a conviction under Florida's attempted burglary statute could only qualify as a violent felony under the residual clause, which was struck down in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015))). Even if there is merit to Brumbach's arguments concerning Tennessee's definition of entry, a panel of this court cannot overrule *Nance*. This can only be done by an "inconsistent decision" of the Supreme Court or, like we did briefly with *Stitt I*, a decision of the en banc court. *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

### III.     Conclusion

For the aforementioned reasons, we reverse the district court's grant of habeas relief, and remand with instructions to reinstate the original sentence.