<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 19a0450n.06

**Nos. 17-6358/6360**

<table>
<tr><td>

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

</td><td>

**FILED**
Aug 26, 2019
DEBORAH S. HUNT, Clerk

</td></tr>
</table>

UNITED STATES OF AMERICA,

     **Plaintiff-Appellant,**

v.

DALTON CRUTCHFIELD,

     **Defendant-Appellee.**

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE**

**BEFORE:** **CLAY, LARSEN, and READLER, Circuit Judges.**

**CLAY, Circuit Judge.** The government appeals the district court's order granting Dalton Crutchfield's petition for habeas corpus under 28 U.S.C. § 2255, and the district court's subsequent resentencing of Crutchfield to time served. The district court resentenced Crutchfield based on this Court's determination that Tennessee aggravated burglary, Tenn. Code Ann. § 39–14–403(a) (1997), does not qualify as a predicate offense under the Armed Career Criminal Act ("ACCA"). *See United States v. Stitt*, 860 F.3d 854, 864–65 (6th Cir. 2017) (en banc) ("*Stitt I*"). But the Supreme Court reversed *Stitt I. See Stitt v. United States*, 139 S. Ct. 399, 407–08 (2018) ("*Stitt II*"). And a recent panel of this Court, in a published decision, affirmed this Court's pre-*Stitt I* decisions holding that aggravated burglary in Tennessee categorically qualifies as an ACCA predicate. *See Brumbach v. United States*, 929 F.3d 791, 794–95 (6th Cir. 2019). Therefore, we **REVERSE** the district court's order granting Crutchfield habeas relief and **REMAND** for the reinstatement of his original sentence.

**BACKGROUND**

On February 22, 2011, a grand jury indicted Crutchfield of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a), (e). Crutchfield pleaded guilty pursuant to a written plea agreement. Upon receiving the presentence investigation report ("PSR"), Crutchfield filed a sentencing position statement noting that he had no objections to the PSR. At the sentencing hearing, Crutchfield acknowledged that he qualified as an armed career criminal based on his four prior convictions for Tennessee aggravated burglary and requested to be sentenced to the statutory minimum term of 180 months of incarceration. On September 14, 2011, the district court sentenced Crutchfield to 180 months of incarceration out of a guidelines range maximum of 210 months of incarceration.

On June 17, 2016, Crutchfield filed a 28 U.S.C. § 2255 motion to vacate his sentence based on the Supreme Court's decision striking down the ACCA's residual clause. *See Johnson v. United States*, 135 S. Ct. 2551 (2015). While his § 2255 motion was pending, the en banc Sixth Circuit decided *Stitt I*. In *Stitt I*, the original panel had held that this Court's prior decisions in *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015) and *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007) foreclosed the argument that Tennessee aggravated burglary did not qualify as a violent felony. *See United States v. Stitt*, 637 F. App'x 927, 930–32 (6th Cir. 2016). On June 27, 2017, this Court, sitting en banc, reversed the original *Stitt* panel, overruled *Nance* and *Priddy*, and held that Tennessee aggravated burglary was not generic burglary because it included burglary of vehicles adapted for overnight accommodation. *Stitt I*, 860 F. 3d at 857–63.

In light of our decision in *Stitt I*, the government conceded with hesitation that Crutchfield's prior convictions for Tennessee aggravated burglary were no longer predicate offenses that subjected him to the mandatory minimum sentence he received. The district court granted

Crutchfield's § 2255 motion and resentenced him to time served and three years of supervised release. However, the government maintained that *Stitt I* was incorrectly decided. It appealed the district court's granting of Crutchfield's § 2255 motion and the district court's amended judgment, and this Court stayed the consolidated appeals pending the Supreme Court's decision in *Stitt II*. In *Stitt II*, the Supreme Court explicitly overruled our en banc decision in *Stitt I*, holding that burglary of a vehicle adapted for overnight accommodation constitutes a generic burglary under *Taylor*. *See Stitt II*, 139 S. Ct. at 407.

In a recent published decision, *Brumbach v. United States*, 929 F.3d 791, (6th Cir. 2019), this Court considered, for the first time, whether a conviction under Tennessee's aggravated burglary statute qualifies as a violent felony under the ACCA in light of the Supreme Court's reversal of *Stitt I* in *Stitt II*. In *Brumbach*, this Court held that because of *Stitt II*'s reversal of *Stitt I*, *Nance* and *Priddy* once again constitute binding Sixth Circuit precedent and that, therefore, Tennessee aggravated burglary describes generic burglary and qualifies as a violent felony under the ACCA. *Id.* at 794 (reversing the district court's order granting the petitioner's habeas petition and remanding for reinstatement of the petitioner's original sentence).

## DISCUSSION

### I. Standard of Review

This Court reviews "*de novo* a district court's determination regarding whether a prior conviction constitutes a 'violent felony' under the ACCA." *Brumbach*, 929 F.3d at 794 (quoting *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016)).

### II. Analysis

The government's primary argument on appeal is that in light of the Supreme Court's decision in *Stitt II*, we have returned to the time when this Circuit treated Tennessee aggravated

burglary categorically as a violent felony under the ACCA. On that account, the government asserts that Crutchfield's prior convictions place him back in ACCA mandatory minimum sentence territory, and therefore we should reverse the district court's granting of Crutchfield's § 2255 motion and reinstate his original sentence.

Crutchfield pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g). He has four prior convictions for Tennessee aggravated burglary. The ACCA provides that a person who violates 922(g) and also has three prior convictions for a "violent felony" shall be subjected to a fifteen-year mandatory minimum sentence of imprisonment. *See* 18 U.S.C. § 924(e)(1). Relevant to our analysis, the ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that is burglary, arson, or extortion, [or] involves use of explosives[.]" *Id.* at § 924(e)(2)(B)(ii). At issue in this appeal is whether Tennessee's aggravated burglary statute falls within the ACCA's generic definition of burglary. Binding precedent in our Circuit holds that it does. *See Brumbach*, 929 F.3d at 794; *see also Mann v. United States*, No. 17-6486, 773 F. App'x 308, 309 (6th Cir. 2019) (citing *Brumbach*, 929 F.3d at 794–95) (explaining that, due to the Supreme Court's reversal of *Stitt I*, "Tennessee aggravated burglary is an ACCA predicate"). Crutchfield's case is one of many that contain the very issue that this Court decided in *Brumbach*.

*Brumbach* considered whether, following *Stitt II*, this Court's decisions in *Nance* and *Priddy* were once again good law. 929 F.3d at 794–95. In *Brumbach*, this Court held that because the Supreme Court "reverse[d] the rationale by which we overruled *Nance*[,] . . . it necessarily follows that *Nance*'s holding . . . is once again the law of this circuit." *Id.* at 794. Concluding that *Stitt II* had reinstated this Court's pre-*Stitt I* decisions in *Nance* and *Priddy*, *Brumbach* then held that these decisions foreclosed new arguments that Tennessee aggravated burglary is not generic

burglary. *Id*. at 795. *Brumbach*'s holding regarding the preclusive force of *Nance* and *Priddy* controls this case. *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) (explaining that a panel of this Court cannot overrule a prior panel decision absent an inconsistent decision of the Supreme Court or this Court sitting en banc).

Crutchfield raises two new issues on appeal that he did not raise in the district court. He separately challenges both the "entry" and "intent" elements of Tennessee's burglary statute. First, he argues that "[b]ecause Tennessee law endorses such a broad concept of 'entry,' no Tennessee burglary conviction after 1974 can count as a generic burglary, or consequently, as an ACCA predicate." (Appellee Br. at 7.) Crutchfield's argument regarding entry is forfeited, as he did not assert this argument in his § 2255 motion in the district court. *Frazier v. Jenkins*, 770 F.3d 485, 497 (6th Cir. 2014) ("Generally, we will not address arguments raised for the first time on appeal, . . . [and] we decline to do so here.") And even if Crutchfield had not forfeited this argument, it would still fail because Brumbach advanced an identical argument, and the Court dismissed it as precluded by controlling Sixth Circuit precedent. *Brumbach*, 929 F.3d at 795 ("Even if there is merit to Brumbach's arguments concerning Tennessee's definition of entry, a panel of this court cannot overrule *Nance*.").

Crutchfield's second new argument on appeal, which focuses on the "intent" element of Tennessee's burglary statute, likewise fails. Crutchfield challenges "whether § 39-14-402(a)(3) fits within the generic definition of burglary because it allows a defendant to be convicted of burglary if he enters a building and *then* forms the requisite intent to commit a crime while inside." (Appellee Br. at 28) (emphasis in original). Crutchfield forfeited this argument by failing to raise it below. *See Frazier*, 770 F.3d at 497. The argument also fails on the merits; this argument concerning the "intent" element of burglary has already been addressed and dismissed by the

Supreme Court. *See Quarles v. United States*, 139 S. Ct. 1872, 1880 (2019) (decided during the pendency of Crutchfield's case and concluding "that generic remaining-in burglary occurs when the defendant forms the intent to commit a crime at any time while unlawfully remaining in a building or structure").

## CONCLUSION

Crutchfield's main issue on appeal—whether his convictions for Tennessee aggravated burglary qualify as violent felonies under the ACCA—has been addressed by this Court's recent published decision in *Brumbach*. Therefore, even if Crutchfield had not forfeited his new arguments by failing to raise them in the district court, both new arguments are foreclosed by existing precedent of this Court and the Supreme Court. Based on the foregoing, we **REVERSE** the district court's order granting Crutchfield habeas relief under § 2255 and **REMAND** for the reinstatement of his original 180-month sentence.