**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0210n.06

Case No. 19-6090

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Apr 14, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| MARSHAWN BURRUS, | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| Defendant-Appellant. | ) | TENNESSEE |

BEFORE: GILMAN, DONALD, and LARSEN, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Defendant-Appellant Marshawn Burrus asks this Court to reverse his sentence for being a felon in possession of a firearm. He requests that we remand the matter for resentencing, based on the assertion that his prior conviction for aggravated burglary under Tennessee law does not constitute a violent felony pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The district court found that Burrus was subject to an enhanced sentence as an armed career criminal under the ACCA based on him having at least three prior violent felony convictions, including one for Tennessee aggravated burglary. Because the law of this Circuit holds that Tennessee aggravated burglary constitutes a violent felony under the ACCA, we deny Burrus relief and affirm the judgment of the district court.

I.

On September 24, 2019, Burrus entered an open plea of guilt in response to an information charging him with two counts of being a felon in possession a firearm, in violation of 18 U.S.C.

§ 922(g)(1). The United States Probation Office prepared a Presentence Investigation Report ("PSR"), within which the Probation Office noted that Burrus was subject to an enhanced sentence under the ACCA as an armed career criminal because he had four prior convictions for robbery with a deadly weapon, one prior conviction for aggravated burglary, and two prior convictions of carjacking, all in violation of Tennessee law.[1] Burrus did not raise any factual objections to his PSR at sentencing but did make objections to the sentencing calculations contained in his PSR, including an objection that he was subject to the armed career criminal enhancement.

Despite Burrus' objection, the district court determined that Burrus qualified for the enhancement based on his prior convictions for robbery, aggravated burglary, and carjacking. Burrus' total offense level was thirty-one and his criminal history category was VI, leading to a Guidelines imprisonment range of 188 to 235 months. The court sentenced Burrus to 188 months' imprisonment. Burrus now appeals his sentence, arguing that he should not have received an enhanced sentence as an armed career criminal because Tennessee aggravated burglary does not constitute a violent felony under the ACCA.

II.

We review a district court's determination that a prior conviction falls within the ACCA's definition of a "violent felony" *de novo*. *Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019). Generally, a violation of § 922(g) results in a fine and up to ten years of imprisonment. 18 U.S.C. § 924(a)(2). Under the ACCA, however, a defendant convicted of violating § 922(g) who has three or more previous convictions for a violent felony that were committed on occasions different from one another is considered an armed career criminal and subject to an enhanced

---

[1] As relevant here, the district court considered the four robbery convictions as one conviction and the two carjacking convictions as one conviction, because the court did not have before it enough information to determine whether the offenses were, in fact, separate offenses.

mandatory minimum sentence of fifteen years. *Id.* § 924(e)(1). The term "violent felony" denotes a crime that is punishable by imprisonment for a term exceeding one year and that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the use-of-force clause) or "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated-offense clause). *Id.* § 924(e)(2)(B); *see Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) (invalidating § 924(e)'s third clause, known as the residual clause, as unconstitutionally vague). In order for a state burglary offense to qualify as a violent felony under the enumerated-offense clause of § 924(e), its elements must be the same as, or narrower than, those of generic burglary. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *see also United States v. Quarles*, 850 F.3d 836, 838 (6th Cir. 2017).

Tennessee law defines "aggravated burglary" as "burglary of a habitation." Tenn. Code Ann. § 39-14-403(a). Tennessee "burglary," in turn, requires a person who, without the effective consent of the property owner, enters a motor vehicle or enters or remains concealed in a building, and has the intent to commit, attempts to commit, or commits a felony, theft, or assault. Tenn. Code Ann. § 39-14-402(a). In contrast, "generic burglary" means "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017) (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)).

Here, Burrus argues that Tennessee aggravated burglary does not constitute a violent felony under the ACCA because employing the "categorical approach" to compare the elements of Tennessee aggravated burglary to those of the generic offense demonstrates that Tennessee's statute is broader. Specifically, Burrus reasons that Tennessee courts define the "entry" element

of the state's burglary statute more broadly than generic burglary by including intrusions by instrument that are the functional equivalent of attempted burglary.

We must reject Burrus' argument, as dictated by *Brumbach*, 929 F.3d at 794-95. The defendant in *Brumbach*, like Burrus, argued that his convictions for Tennessee aggravated burglary did not qualify as violent felonies under the enumerated-offense clause of the ACCA because Tennessee aggravated burglary defines "entry" into structures in a way that is broader than the definition in generic burglary. *Id.* at 795. A panel of this Court, however, rejected that argument, determining that prior precedent compelled the conclusion that Tennessee aggravated burglary qualifies as an ACCA predicate offense and noting its inability, as a panel, to conclude otherwise. *Id.* at 794-95. That decision has been affirmed on multiple occasions. *See, e.g.*, *United States v. Bateman*, 780 F. App'x 355, 356 (6th Cir. 2019); *United States v. Crutchfield*, 785 F. App'x 321, 324 (6th Cir. 2019).

Although Burrus challenges our conclusion in *Brumbach* that *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007) (holding that aggravated burglary under Tennessee law is a violent felony for purposes of the ACCA) was reinstated as good law, the fact is, *Brumbach* is binding on this panel. Even if Burrus is right about the entry element's overbreadth, a panel of this Court cannot overrule *Nance*. *Brumbach*, 929 F.3d at 795 (declining to consider the same argument in light of *Nance*); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.").

III.

For the aforementioned reasons, we **AFFIRM** the judgment of the district court.