**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0227n.06

Case No. 18-5692

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| JOSHUA BOOKER, | ) | |
| | ) | **FILED** |
| Petitioner-Appellee, | ) | Apr 27, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, GIBBONS, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. In November 2013, Joshua Booker sold a stolen gun to an undercover police officer. He pleaded guilty to possessing a firearm as a felon. 18 U.S.C. § 922(g)(1). Based on his lengthy criminal record, including six convictions for aggravated burglary in Tennessee, the district court found that Booker was an armed career criminal. 18 U.S.C. § 924(e). The court sentenced him to 188 months in prison. Booker did not object to his classification as an armed career criminal. Nor did he appeal.

The next year, the Supreme Court held that the Armed Career Criminal Act's residual clause violates due process. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Booker filed a § 2255 motion to reopen his sentence, arguing that his aggravated burglary convictions no longer qualified as violent felonies. While that motion was pending, this court decided the same question

in another case. It held that Tennessee aggravated burglary was not a violent felony under the Act. *United States v. Stitt*, 860 F.3d 854, 861–62 (6th Cir. 2017) (en banc). The district court reduced Booker's sentence under *Stitt*.

The victory was temporary. A few months after the district court granted his § 2255 motion, the Supreme Court reversed *Stitt* and held that Tennessee aggravated burglary fit within the Act's generic burglary definition. *United States v. Stitt*, 139 S. Ct. 399, 406–08 (2018). In reversing our decision in *Stitt*, the Court returned our circuit to its earlier precedents. *See Brumbach v. United States*, 929 F.3d 791, 794–95 (6th Cir. 2019). Under those decisions, Tennessee aggravated burglary counts as a violent felony under the Act. *Id.*; *see United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). Consistent with this line of cases, we have remanded several cases to reinstate the original sentence after the inmate obtained § 2255 relief based on the *Stitt* en banc decision. *See, e.g.*, *Brumbach*, 929 F.3d at 794–95; *see also, e.g.*, *Sesson v. United States*, Nos. 17-5955/5957/6323, 2020 WL 773049, at *2 (6th Cir. Jan. 30, 2020) (order); *White v. United States*, No. 17-5967/5969, 2020 WL 773056, at *2 (6th Cir. Jan. 21, 2020) (order); *Barnett v. United States*, No. 17-5977/5978, 2019 WL 7946346, at *2 (6th Cir. Dec. 12, 2019) (order); *Bearden v. United States*, No. 17-5927, 2019 WL 7882516, at *2 (6th Cir. Nov. 6, 2019) (order); *Hill v. United States*, No. 18-5089/5090, 2019 WL 7602328, at *2 (6th Cir. Oct. 10, 2019) (order); *United States v. Crutchfield*, 785 F. App'x 321, 323–24 (6th Cir. 2019); *United States v. Bawgus*, 782 F. App'x 408, 409–10 (6th Cir. 2019); *United States v. Bateman*, 780 F. App'x 355, 356–57 (6th Cir. 2019); *Greer v. United States*, 780 F. App'x 352, 353 (6th Cir. 2019); *United States v. Hamilton*, 774 F. App'x 283, 283 (6th Cir. 2019) (per curiam); *Bell v. United States*, 773 F. App'x 832, 833 (6th Cir. 2019); *Mann v. United States*, 773 F. App'x 308, 309 (6th Cir. 2019) (per curiam).

Booker urges us not to take this well-worn path for three reasons. First, he maintains that his six aggravated burglary convictions do not qualify as violent felonies because the breaking-in instrument by itself satisfies the "entry" element of the crime. But *Brumbach* rejected the same argument, concluding that "[e]ven if there is merit to Brumbach's arguments concerning Tennessee's definition of entry, a panel of this court cannot overrule *Nance*." 929 F.3d at 795. A more recent decision rejected the argument more fully. *United States v. Brown*, __F.3d__, 2020 WL 1966845 (6th Cir. Apr. 24, 2020). After a thorough and thoughtful analysis, *Brown* concluded that "the Act's generic definition should encompass [a] broader entry-by-instrument rule." *Id.* at *7. The court considered and rejected each of the points Booker raises today.

Second, Booker argues that Tennessee burglary is missing the intent element of generic burglary. The Supreme Court has defined generic burglary as "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). One variant of Tennessee burglary, says Booker, lacks "intent to commit a crime," because § 402(a)(3) makes it a burglary to, "without the effective consent of the property owner . . . [e]nter[] a building and commit[] or attempt[] to commit a felony, theft, or assault." Tenn. Code Ann. § 39-14-402(a)(3). The underlying "felony, theft, or assault" necessary for an (a)(3) conviction, he adds, could require mere recklessness, which to his mind suggests the convicted burglar never formed "intent to commit a crime."

But *Brumbach*, again, makes clear that *Nance* is good law and leaves no room for raising still more arguments about Tennessee aggravated burglary. 929 F.3d at 794. As we recently explained in *Brown*, moreover, "Tennessee's burglary statute is divisible . . . criminaliz[ing] four different offenses." 2020 WL 1966845, at *7. Booker's intent argument concerns one of them, § 402(a)(3). But a different variant, § 402(a)(1), maps precisely on to *Taylor*'s definition, covering

3

persons who unlawfully "enter[] a building . . . with intent to commit a felony, theft or assault." *See Taylor*, 495 U.S. at 599; *Brown*, 2020 WL 1966845, at *7. Here, as in *Brown*, the indictments for each of Booker's convictions charge him with unlawfully entering buildings "with intent to commit theft." ROA 43 at 2, 5, 8, 10, 12, 14. That language tracks the (a)(1) variant of burglary, and he never argues there is an intent problem with that variant. *See Brown*, 2020 WL 1966845, at *7.

Third, Booker maintains that insufficient proof shows that the six convictions covered distinct crimes on "occasions different from one another." 18 U.S.C. § 924(e)(1). He argues that courts may review underlying state court documents only to determine the elements of the crimes of conviction, not to determine their dates and locations. *See Shepard v. United States*, 544 U.S. 13, 16 (2005). Precedent forecloses the argument. *United States v. Hennessee* held that courts "may consider both elemental and non-elemental facts contained in *Shepard*-approved documents to determine whether prior felonies were committed on occasions different from one another." 932 F.3d 437, 444 (6th Cir. 2019). Those documents show that Booker burglarized at least six separate structures on five separate dates. That suffices. *See, e.g.*, *Brown*, 2020 WL 1966845, at *8; *Greer*, 780 F. App'x at 352–53.

For these reasons, we vacate and remand with instructions to reinstate Booker's original sentence.