NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0250n.06

Nos. 18-5805/5834

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 05, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant/Cross-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MARTAVIUS JENKINS, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee/Cross-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, GIBBONS, and SUTTON, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. In 2015, Martavius Jenkins pled guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). At the time, Jenkins had four prior convictions for aggravated burglary in Tennessee. Under the Armed Career Criminal Act ("ACCA"), a defendant with three or more predicate "violent felony" convictions is subject to a mandatory 180-month minimum sentence. 18 U.S.C. § 924(e)(1). The district court determined that at least three of Jenkins's prior convictions qualified as violent felonies and sentenced him to 180 months' imprisonment. Jenkins appealed.

While his appeal was pending, the Supreme Court decided *Mathis v. United States*, 136 S. Ct. 2243 (2016). In response, we vacated Jenkins's sentence and remanded to the district court for further consideration in light of *Mathis*. *United States v. Jenkins*, No. 15-6292, slip op. at 4 (6th Cir. Oct. 11, 2016) (order). On remand, the district court relied on our intervening decision in *United States v. Stitt* (*Stitt I*), 860 F.3d 854 (6th Cir. 2017) (en banc), to find that Jenkins's

aggravated burglary convictions no longer qualified as violent felonies. It thus imposed a non-ACCA enhanced sentence of 77 months.

The government appealed. Jenkins filed a cross-appeal. While both appeals were pending, however, the Supreme Court reversed our decision in *Stitt I*, holding that Tennessee aggravated burglary fits within ACCA's generic definition of burglary. *United States v. Stitt* (*Stitt II*), 139 S. Ct. 399, 406–08 (2018). And after *Stitt II*, we clarified that our pre-*Stitt I* precedent "is once again the law of this circuit," meaning that "Tennessee aggravated burglary represents a generic burglary . . . constituting a violent felony for ACCA purposes." *Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019) (quoting *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007)), *cert. denied*, 140 S. Ct. 974 (2020).

Relying on *Stitt II* and *Brumbach*, the government now argues that we should vacate Jenkins's 77-month sentence and remand for reinstatement of his original ACCA-enhanced sentence. This is what we have done in other cases raising the same issue on direct and collateral review after *Stitt II*. *See, e.g.*, *United States v. Gerding*, 776 F. App'x 337, 337–38 (6th Cir. 2019) (order); *Greer v. United States*, 780 F. App'x 352, 352–53 (6th Cir. 2019); *United States v. Bateman*, 780 F. App'x 355, 355–56 (6th Cir. 2019); *United States v. Hamilton*, 774 F. App'x 283, 283 (6th Cir. 2019) (per curiam); *Bell v. United States*, 773 F. App'x 832, 833 (6th Cir. 2019); *Mann v. United States*, 773 F. App'x 308, 309 (6th Cir. 2019) (per curiam).

Jenkins attempts to sidestep *Stitt II* by raising a new argument for why Tennessee's version of aggravated burglary is still broader than ACCA's generic version. He contends that the way Tennessee defines "entry" for its aggravated burglary statute includes conduct that would qualify only as attempted burglary at common law. *See* Tenn. Code Ann. § 39-14-402(b); *State v. Crow*, 517 S.W.2d 753, 754–55 (Tenn. 1974). But we rejected that same argument in *Brumbach*,

explaining that "[e]ven if there is merit to [the] argument[] concerning Tennessee's definition of entry, a panel of this court cannot overrule *Nance*." 929 F.3d at 795; *see also Bateman*, 780 F. App'x at 356. We also recently rejected Jenkins's "entry" argument on the merits. *See United States v. Brown*, No. 18-5356, 2020 WL 1966845, at *3–7 (6th Cir. Apr. 24, 2020). Whether based on *Brumbach* or *Brown*, our conclusion is the same: Jenkins is once again subject to ACCA's mandatory 180-month minimum sentence.

That leaves us with Jenkins's cross-appeal. In his cross-appeal, Jenkins argues that the district court committed several errors in calculating his Guidelines range. The government has moved to dismiss the cross-appeal based on an appellate waiver in Jenkins's plea agreement. The issues raised in the cross-appeal and motion to dismiss, however, presuppose that Jenkins is still subject to his 77-month Guidelines sentence, not the 180-month minimum sentence required by the ACCA. With Jenkins's original 180-month sentence reinstated, the issues in his cross-appeal and the government's motion to dismiss are moot. *See United States v. Goldston*, 906 F.3d 390, 397 (6th Cir. 2018).

Accordingly, we vacate Jenkins's 77-month sentence and remand to the district court for reinstatement of his original 180-month sentence.