**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0251n.06

**Case No. 19-5848**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

May 05, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| BRIAN HOWARD, | ) | |
| | ) | |
| *Defendant-Appellant*. | ) | O P I N I O N |

BEFORE:    COLE, Chief Judge; BATCHELDER and STRANCH, Circuit Judges.

COLE, Chief Judge.   Brian Howard pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA") based on four prior convictions for aggravated burglary in Tennessee.  Howard now appeals his sentence of 180 months' imprisonment, contending that he is not an armed career criminal under the ACCA.  We affirm.

I.

Between 2008 and 2010, Howard was convicted four times of aggravated burglary in violation of Tenn. Code Ann. § 39-14-403(a).  Then, on April 16, 2017, police officers pulled over Howard while he had a firearm in his vehicle.  Howard pleaded guilty to being a felon in possession of a firearm, while expressly reserving his right to appeal any determination that he was an armed

career criminal under the ACCA. At his sentencing, the district court determined that Howard was an armed career criminal under the ACCA, and, accordingly, sentenced him to the ACCA's mandatory-minimum prison sentence of 180 months. *See* 18 U.S.C. § 924(e)(1).

## II.

18 U.S.C. 922(g) makes it unlawful for certain classes of people, including convicted felons, to possess a firearm that has been shipped or transported in interstate or foreign commerce. The ACCA provides for enhanced sentences for people who violate that law after being convicted of three violent felonies committed on different occasions from each other. 18 U.S.C. § 924(e)(1). The ACCA specifically lists burglary as a violent felony. *Id.* § 924(e)(2)(B)(ii). In enacting the ACCA, however, Congress did not intend to include all forms of burglary offenses in its definition of violent felonies. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (citing *Taylor v. United States*, 495 U.S. 575, 598 (1990)). Rather, burglary under the ACCA includes only the "generic" form of the offense. *Id.* The Supreme Court has defined generic burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor*, 495 U.S. at 598.

The determination of whether prior offenses constitute predicate violent felonies under the ACCA carries a great deal of importance. When the ACCA enhancement for armed career criminals applies, the mandatory-minimum prison sentence is 15 years, but when the enhancement does not apply, the maximum sentence for the same underlying violation is ten years' imprisonment. *See* 18 U.S.C. § 924(a)(2), (e)(1).

Whether Tennessee's aggravated burglary statute constitutes a "generic" form of burglary is an issue that has been litigated at great length over the past few years. In 2017 we held that by including burglary of vehicles and movable enclosures, Tennessee's aggravated burglary statute

includes more conduct than is encompassed in generic burglary. *United States v. Stitt* (*Stitt I*), 860 F.3d 854, 858 (6th Cir. 2017) (en banc). The Supreme Court, however, reached the opposite conclusion, holding that the inclusion of vehicles and movable structures did not expand the scope of the Tennessee aggravated burglary law beyond that of generic burglary. *United States v. Stitt* (*Stitt II*), 139 S. Ct. 399, 403–04 (2018). Since *Stitt II*, we have accordingly recognized Tennessee aggravated burglary convictions as predicate violent felonies for ACCA purposes. *See Brumbach v. United States*, 929 F.3d 791, 792 (6th Cir. 2019).

III.

Here, Howard contends that his aggravated burglary convictions are not predicate violent felonies on a different basis than the vehicle argument raised in *Stitt I* and *Stitt II*. He argues that the aggravated burglary statute defines entry more broadly than generic burglary and, as such, allows for the possibility that someone could be convicted of aggravated burglary for only attempting to enter a structure. Specifically, Howard argues that Tennessee courts have found that the "entry" element of aggravated burglary is satisfied by crossing a structure's threshold with an instrument, even if the body of the person alleged to have committed the crime does not enter the structure and the person does not intend to use the instrument to commit the subsequent felony inside of the structure. *See State v. Crow*, 517 S.W.2d 753, 753–55 (Tenn. 1974). In Howard's view, this definition of "entry" allows for a conviction upon what, at common law, would only constitute attempted burglary. As attempted burglary is not generic burglary—and, thus, not a predicate felony under the ACCA—Howard concludes that the district court designated him an armed career criminal in error. *See James v. United States*, 550 U.S. 192, 197 (2007), *overruled on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015).

Our precedent bars us from adopting Howard's position. The defendant in *Brumbach* raised the same argument, and we rejected it as inconsistent with our precedent in light of *Stitt II*. *Brumbach*, 929 F.3d at 795. We have since observed that although Tennessee aggravated burglary's definition of "entry" may have "modestly departed" from the common law rule of burglary at the time the ACCA was enacted, Congress intended for states to have some leeway in how they defined burglary, and thus Tennessee aggravated burglary's possible slight departure from the majority definition of "entry" does not bring it outside of the Supreme Court's conception of generic burglary. *United States v. Brown*, --- F.3d ----, 2020 WL 1966845 at *7 (6th Cir. Apr. 24, 2020). Howard cannot overcome these prior decisions rejecting his argument. *Brumbach*, 929 F.3d at 795 (citing *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)).

We affirm the judgment of the district court.