**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0297n.06

**No. 17-6507**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Plaintiff-Appellant,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>JASON S. MORGAN,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Defendant-Appellee.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

**FILED**
May 28, 2020
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

BEFORE: GRIFFIN, THAPAR, and READLER, Circuit Judges.

PER CURIAM:

In 2010, Jason Morgan pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At the time, he had eight prior convictions in Tennessee state court for aggravated burglary. Based on those convictions, the district court found that Morgan qualified as an armed career criminal under 18 U.S.C. § 924(e)(1), which imposes a mandatory minimum sentence of fifteen years if the defendant has at least three prior convictions "for a violent felony or a serious drug offense, or both." This court had previously held that "Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes." *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). The district court imposed a sentence of 188 months of incarceration followed by five years of supervised release. Morgan did not appeal.

Morgan eventually moved to vacate his sentence under 28 U.S.C. § 2255. (R. 25.) After the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague, Morgan amended his petition to argue that his Tennessee aggravated burglary convictions no longer qualified as ACCA predicates. *See Johnson v. United States*, 135 S. Ct. 2551 (2015). The government argued that those convictions qualified as violent felonies under the ACCA's enumerated-offense clause, which was "not call[ed] into question" in *Johnson*. *Id.* at 2563. Then this court, sitting en banc, considered the statute of Morgan's convictions and held that it did not qualify as an ACCA predicate under the enumerated-offense clause because its definition of the word "structure" was overbroad. *United States v. Stitt*, 860 F.3d 854, 862 (6th Cir. 2017) (en banc). This had the effect of overruling *Nance*. In light of *Johnson* and *Stitt*, the district court granted Morgan's § 2255 motion, vacated his sentence, and resentenced him to time served followed by three years of supervised release.

Morgan's victory, however, was "short-lived." *United States v. Hamilton*, 774 F. App'x 283, 283 (6th Cir. 2019). The Supreme Court granted certiorari in *Stitt* and reversed. *United States v. Stitt*, 139 S. Ct. 399, 404, 408 (2018). Perhaps anticipating this outcome, the government had filed a timely notice of appeal after Morgan's resentencing. After the Supreme Court's opinion in *Stitt* issued, the government requested that Morgan's original sentence be reinstated because "*Nance*'s holding . . . is once again the law of this circuit." *Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 974 (2020).

Morgan now argues that Tennessee's aggravated burglary statute does not qualify as an ACCA predicate, but for a different reason not considered by either court in *Stitt*. According to Morgan, generic burglary under the ACCA "requires a generic 'entry,'" and the Tennessee statute defines "entry" to encompass attempted entries in addition to completed entries. As a result,

Morgan argues, Tennessee aggravated burglary does not fit within the generic offense of burglary under the ACCA's enumerated-offense clause.  *See United States v. Brown*, 957 F.3d 679, 684 (6th Cir. 2020) (explaining the "subtle common-law distinction" on which this argument hinges).

We need not dive too deep into Morgan's argument, however, for two reasons.  First, "[e]ven if there is merit to [Morgan's] arguments concerning Tennessee's definition of entry, a panel of this court cannot overrule *Nance*."  *Brumbach*, 929 F.3d at 795.  Second, "[w]e have also repeatedly rejected the argument since *Brumbach*."  *Brown*, 957 F.3d at 683.  Most notably, in *Brown*, we analyzed its merits, characterized the "entry-by-instrument distinction [as] perhaps the prototypical 'arcane distinction' that *Taylor* would disavow," and concluded that the Supreme Court would not "adopt Brown's view of generic 'entry.'"  *Id.* at 684–85 (quoting *Taylor v. United States*, 495 U.S. 575, 593 (1990)).  Because Morgan's arguments are clearly foreclosed by precedent, we need not remand this case for further consideration.

We vacate Morgan's modified sentence and remand with instructions to reinstate his original sentence.