**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0411n.06

Case No. 19-6382

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,      )

     Plaintiff-Appellee,      )

     )

v.      )

     )

LORENZO DAVIS,      )

     Defendant-Appellant.      )

**FILED**
Jul 16, 2020
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

BEFORE: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. A jury convicted Lorenzo Davis of multiple crimes for his involvement in an armed bank robbery and a carjacking. Because the jury had enough evidence to convict, and the district court made no errors at sentencing, we affirm.

Andre Hollingsworth was walking home in the middle of the night when three men approached him. One of the men (later identified as Davis) brandished a gun and ordered Hollingsworth to hand over his money. Davis then searched Hollingsworth and took his phone and wallet. After the robbers found that the wallet contained a debit card, they threatened to kill Hollingsworth unless he told them his PIN. Hollingsworth agreed to do so, and Davis took him (at gunpoint) to a nearby ATM, where Davis used the debit card to withdraw money. After that, Davis let Hollingsworth go.

The following night, Calvin Marion was driving in the same area when a man waved for him to stop. When Marion did so, the man (later identified as Davis) approached the car and then allegedly pulled out a gun and shot Marion in the neck. Davis ordered Marion to exit his vehicle

and walk with him into a nearby field. Once in the field, Davis made Marion turn over his belongings and strip naked. Davis—while keeping his gun trained on Marion—retreated to Marion's car and sped off with it.

After investigating these crimes, law enforcement obtained an indictment charging Davis with six counts. Count One charged Davis with armed bank robbery (the forced ATM withdrawal). Count Two charged Davis with using, carrying, and brandishing a firearm during a crime of violence (the bank robbery). Count Three charged Davis with carjacking with intent to cause death or serious bodily injury. Count Four charged Davis with using, carrying, brandishing and discharging a firearm during a crime of violence (the carjacking). And Counts Five and Six charged Davis with being a felon in possession of a firearm.

Davis went to trial, and a jury convicted Davis for the first two counts (related to the bank robbery) along with the felon-in-possession counts. But on Count Three, the jury found Davis not guilty of carjacking with intent to cause serious bodily injury (though it did convict him of a lesser included offense). And on Count Four, the firearm charge linked to the carjacking, the jury acquitted Davis *entirely*.

At sentencing, the probation officer recommended multiple sentencing enhancements because Davis discharged a firearm during the carjacking and caused serious injury to Marion. Davis objected, pointing out that the jury had *acquitted* him of discharging (or even using) a firearm during the carjacking. But the district court overruled his objections and applied the enhancements. The court sentenced Davis to 376 months in prison.

On appeal, Davis makes two arguments. He first argues that the jury had insufficient evidence to convict him on any of the charges. Next, he argues that the district court erred by relying on acquitted conduct to enhance his sentence. Both arguments lack merit.

*Sufficiency of the Evidence*. Davis asks us to vacate his convictions because (he argues) there was not enough evidence to find him guilty. Although Davis challenges five separate convictions, his argument is uniform. He claims that this is a case of mistaken identity—whoever robbed Hollingsworth or stole Marion's car, it wasn't him.

Our review of the jury verdict is deferential. That's because juries—not judges—"decide what conclusions should be drawn from evidence admitted at trial." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) (cleaned up); *see also United States v. Tolliver*, 949 F.3d 244, 247 (6th Cir. 2020) (per curiam) (discussing the importance of giving juries "due deference"). Thus, we view the evidence in the light most favorable to the government and draw all reasonable inferences in the government's favor. Then we ask whether *any* rational jury could have convicted Davis. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Here, that means the convictions stand if any rational jury could have found that *Davis* (rather than someone else) committed the charged crimes.

The jury had ample evidence to conclude that Davis was in fact the perpetrator. Consider the different charges:

- <u>Bank Robbery (Count 1) & Brandishing a Firearm (Count 2)</u>. Although Hollingsworth couldn't identify the perpetrator, the two other men involved in the robbery testified that it was Davis who had forced Hollingsworth to withdraw money at gunpoint. What's more, when officers eventually recovered Hollingsworth's phone, they found that someone had logged into Davis's social media accounts with it—corroborating that Davis was the robber.

- <u>Carjacking (Count 3)</u>. Marion identified Davis as the carjacker while testifying that the carjacking was so traumatic that he would "never forget" the face of his attacker. R. 64, pg. ID 483. Two other witnesses confirmed this identification.

- <u>Felon in Possession (Counts 5 & 6)</u>. Multiple witnesses also testified that Davis possessed a firearm during both the robbery and the carjacking.

This testimony gave the jury more than enough evidence tying Davis to the charged crimes.

Faced with this evidence, Davis does his best to show that it is biased or incredible. He offers several reasons why the jury shouldn't have believed Marion's testimony and that of Davis's confederates. But those arguments go to witness credibility. And we may not "consider the credibility of witnesses" when reviewing the sufficiency of the evidence. *United States v. Ward*, 957 F.3d 691, 696 (6th Cir. 2020) (cleaned up). Davis made these credibility arguments to the jury, but the jury chose to convict Davis anyway. We cannot second-guess that decision.

*Acquitted Conduct.* Davis next argues that the district court erred by relying on acquitted conduct to increase his guideline range. But, as Davis admits, this challenge is a nonstarter. That's because our circuit permits district courts to use acquitted conduct when sentencing a defendant. *United States v. White*, 551 F.3d 381, 382 (6th Cir. 2008) (en banc). This panel cannot overrule that authority. *See Brumbach v. United States*, 929 F.3d 791, 795 (6th Cir. 2019).

We affirm.