NOT RECOMMENDED FOR PUBLICATION

File Name: 20a0681n.06

CASE No. 20-5218

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Dec 03, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | |
| v. | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| **TYQUEZ URSERY,** | ) | **COURT FOR THE MIDDLE** |
| | ) | **DISTRICT OF TENNESSEE** |
| *Defendant-Appellant.* | ) | |
| | ) | |

Before: BATCHELDER, CLAY, and BUSH, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** When sentencing Tyquez Ursery as a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), the district court found that three of his prior convictions were predicate felonies under the Armed Career Criminal Act, § 924(e)(2)(B), triggering the mandatory minimum sentence, § 924(e)(1). Those were Tennessee convictions for aggravated burglary, T.C.A. § 39-14-403, facilitation of especially aggravated robbery, and facilitation of attempted especially aggravated robbery, T.C.A. §§ 39-11-403, & -13-403.

Under Sixth Circuit precedent, Tennessee aggravated burglary is an ACCA predicate offense. *See Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019). And in *United States v. Gloss*, 661 F.3d 317, 320 (6th Cir. 2011), we held that Tennessee "facilitation of aggravated robbery is a violent felony within the meaning of § 924(e)(2)(B)(i)." Although Ursery's convictions were not for facilitation of aggravated robbery, the only difference between "Tennessee aggravated robbery" and "Tennessee especially aggravated robbery" is that aggravated robbery includes as an element that the robbery be "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly

weapon," T.C.A. § 39–13–402, while especially aggravated robbery requires that the robbery be "[a]ccomplished with a deadly weapon," T.C.A. § 39–13–403. Therefore, *Gloss* is directly on point.

Ursery argues that neither offense should be an ACCA predicate. Even if he were correct, this panel cannot overrule published circuit precedent. *See Brumbach*, 929 F.3d at 795.

Ursery also argues that the two facilitation convictions should count as a single predicate because, even though they were committed on different dates (19 days apart), the date of the offense(s) was not an element of the crime. But, again, circuit precedent forecloses this argument. *See United States v. Hennessee*, 932 F.3d 437, 443-44 (6th Cir. 2019).

We AFFIRM the judgment of the district court.