# SUPREME COURT OF THE UNITED STATES

## SAMUEL ALEX GANN *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 20–7701.　Decided October 4, 2021

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR respecting the denial of certiorari.

The Armed Career Criminal Act (ACCA) mandates a minimum 15-year prison sentence for an individual convicted of being a felon in possession of a firearm who has at least three prior "violent felony" convictions. 18 U. S. C. §924(e). Section 924(e) defines "violent felony" to include generic "burglary," defined as "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor* v. *United States*, 495 U. S. 575, 599 (1990). To determine whether a prior conviction qualifies as generic burglary, courts apply the categorical approach: "They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Mathis* v. *United States*, 579 U. S. 500, 504 (2016).

When petitioner Samuel Gann was convicted of being a felon in possession of a firearm, he had three prior convictions for aggravated burglary under Tennessee law. See Tenn. Code Ann. §39–14–402(a)(3) (2018) ("A person commits burglary who, without the effective consent of the property owner . . . [e]nters a building and commits or attempts to commit a felony, theft or assault"). Gann argued that his Tennessee convictions did not qualify as generic burglary under the ACCA because they lacked the element of "intent to commit a crime." *Taylor*, 495 U. S., at 599. According to Gann, his crime of conviction could be committed

by an unlawful entry into a building followed by commission of a reckless crime, without ever developing the intent to commit a crime. The District Court rejected Gann's argument and sentenced him to the ACCA's 15-year mandatory minimum.

Gann appealed and reprised his argument that his Tennessee aggravated burglary convictions lacked the element of intent to commit a crime, rendering the ACCA enhancement inapplicable. The Sixth Circuit rejected Gann's argument, citing *United States* v. *Nance*, 481 F. 3d 882 (CA6 2007), and *Brumbach* v. *United States*, 929 F. 3d 791 (CA6 2019) (reaffirming *Nance* as the law of the Circuit), decisions in which it had rejected different arguments for why different elements of Tennessee's aggravated burglary did not match the elements of generic burglary. The Sixth Circuit reasoned that these decisions "le[ft] no room for raising still more arguments about Tennessee aggravated burglary." 827 Fed. Appx. 566, 569 (2020) (internal quotation marks omitted).

However, "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster* v. *Fall,* 266 U. S. 507, 511 (1925); accord, *e.g., United States* v. *L. A. Tucker Truck Lines, Inc.*, 344 U. S. 33, 38 (1952) (where an issue was neither "raised in briefs or argument nor discussed in the opinion of the [c]ourt," there is no "binding precedent on th[e] point"). In *Nance*, for example, the Sixth Circuit held that Tennessee aggravated burglary "comports with [the] definition of a generic burglary as committed in a building or enclosed space." 481 F. 3d, at 888 (internal quotation marks omitted). But the parties in *Nance* and *Brumbach* did not address in their briefs, and the Sixth Circuit neither discussed nor decided, whether Tennessee aggravated burglary also comports with the requirement that generic burglary include the intent to commit a crime.

Statement of SOTOMAYOR, J.

Gann's argument has not been addressed by the Sixth Circuit, which leaves this Court without a reasoned decision to review. I nevertheless agree with the decision to deny certiorari because further consideration by the lower courts would assist this Court's analysis of this new argument. To that end, I would expect the Sixth Circuit to give the argument full and fair consideration in a future case.