Timothy F. Zitzman, Bass, Berry & Sims, Knoxville, TN, for Appellant.

Edward J. Shultz, Hagood, Tarpy & Cox, Knoxville, TN, for Appellee.

* The Honorable Richard Mills, United States District Judge for the Middle District of Illi-

BEFORE: MARTIN and SUTTON, Circuit Judges; and MILLS, District Judge.*

### ORDER

This cause having come on to be heard upon the record, the briefs and the oral argument of the parties, and upon due consideration thereof,

It is ORDERED that the judgment of the district court be, and it hereby is, AFFIRMED for reasons as stated from the bench, finding *Suhar v. Burns,* 322 F.3d 421 (6th Cir.2003) to be controlling authority in this matter.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Tyree Shauntize HICKS, also known as Tyree Marlow, Defendant–Appellant.**

**No. 02–6308.**

United States Court of Appeals, Sixth Circuit.

Oct. 21, 2003.

nois, sitting by designation.

James W. Powell, Asst. U.S. Attorney, Richard Leigh Grinalds, Asst. U.S. Attorney, Jackson, TN, for Plaintiff–Appellee.

Tyree Shauntize Hicks, #18078–076, Terre Haute, IN, pro se.

Before KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

## ORDER

Tyree Shauntize Hicks pleaded guilty to aiding and abetting, bank robbery, and using and carrying a firearm during a crime of violence. *See* 18 U.S.C. §§ 2, 924(c) *and* 2113. On September 11, 2002, he was sentenced to a total of 108 months of imprisonment and three years of supervised release. It is from this judgment that Hicks now appeals. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Hicks's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Hicks may wish to argue that there was not a sufficient factual basis for his guilty plea to the firearm charge. Hicks has filed a response to counsel's motion, in which he argues that the district court did not adequately describe the meaning of aiding and abetting before it accepted his guilty plea. However, an independent review of the record reveals no issue that would support a viable direct appeal in this case. *See id.*

The indictment plainly charged Hicks with aiding and abetting his codefendant in both the bank robbery and the use of a firearm during that robbery. Hicks signed a plea bargain in which he agreed to plead guilty to those charges. In exchange, the government agreed to recommend a sentence at the bottom of the applicable guideline range, to recommend a reduction in his offense level for acceptance of responsibility, and to consider

moving for a reduced sentence if he provided substantial assistance in the investigation of others. The plea agreement also included a waiver of Hicks's right to appeal, if he were sentenced within the guidelines and statutory limits.

The rearraignment transcript indicates that Hicks's guilty plea was valid and that the district court substantially complied with Fed.R.Crim.P. 11. The court determined that Hicks was competent, and it confirmed his understanding of the plea agreement. It also established that he understood his rights, the nature of the charges, and the consequences of his plea. Hicks indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. He was represented by counsel, and he has not made any attempt to withdraw his plea. Under these circumstances, we conclude that Hicks's guilty plea was constitutionally valid.

■ Hicks now argues that the district court did not adequately explain the meaning of aiding and abetting with regard to his firearm charge. *Cf. United States v. Lowery,* 60 F.3d 1199, 1205 (6th Cir.1995) (reversing defendant's guilty plea because the court did not describe aiding and abetting). We review this claim for plain error because it was not clearly raised in the district court. *See United States v. Vonn,* 535 U.S. 55, 62–63, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

The district court did not commit plain error here because Hicks acknowledged that he had read the indictment, that he understood the charges against him, and that he had discussed those charges with his attorney. In addition, the court read the charges in the indictment, and Hicks again stated that he understood them. Thus, *Lowery* may be distinguished from the instant case, as the court in *Lowery* did not read the indictment to the defendant and the defendant there repeatedly indicated that he did not understand the charge against him. Moreover, the panel in *Lowery* did not have the benefit of the Supreme Court's recent decision in *Vonn,* which now requires that Hicks's claim be reviewed for plain error. *Id.*

It is true that the district court failed to include the phrase "aided and abetted" when it read the firearm charge to Hicks. However, the court had already advised Hicks that he was charged with aiding and abetting his codefendant in the bank robbery, and Hicks acknowledged that he and his codefendant had used a firearm during and in furtherance of that offense. Thus, we hold that Hicks has not met his burden of showing that the court's omission amounted to plain error. *See id.; United States v. DePace,* 120 F.3d 233, 237–38 & n. 7 (11th Cir.1997).

■ Counsel now suggests that Hicks may wish to argue that the district court did not comply with Fed.R.Crim.P. 11(f), as it did not establish a sufficient factual basis for his firearm conviction. In particular, counsel notes Hicks's assertion that he did not know that his codefendant was carrying a firearm until they entered the bank. This claim is also reviewed for plain error as it was not clearly raised in the district court. *See Vonn,* 535 U.S. at 62–63, 122 S.Ct. 1043.

An accomplice aids and abets another if he "knows that the principal is armed and acts with the intent to assist or influence the commission of the underlying predicate crime." *Rattigan v. United States,* 151 F.3d 551, 558 (6th Cir.1998). In the present case, there was a sufficient factual basis for Hicks's plea because he continued to participate in the bank robbery, even after he saw that his codefendant was brandishing a gun. *See id.; DePace,* 120 F.3d at 238–39. Thus, Hicks has not met his burden of showing that the district

court committed plain error in accepting his guilty plea.

As indicated above, Hicks expressly waived his right to appeal when he executed his plea agreement. *See United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995). Moreover, he did not file any objections to the presentence report or raise any legal arguments at sentencing. Thus, even in the absence of an express waiver, Hicks has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent from the present record.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.