RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0266p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 18-4072

ARVIS M. WILLIAMS, JR.,

*Defendant-Appellant*.

─────────────

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:17-cr-00515-1—Benita Y. Pearson, District Judge.

Decided and Filed: October 23, 2019

Before: BATCHELDER, DONALD, and READLER, Circuit Judges.

─────────────

**COUNSEL**

─────────────

**ON BRIEF:** Kimberly L. Penix, ALDERMAN LAW FIRM, Denver, Colorado, for Appellant. Brian M. McDonough, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

─────────────

**OPINION**

─────────────

PER CURIAM. Arvis M. Williams, Jr., challenges his guilty pleas on the basis that the district court violated Federal Rule of Criminal Procedure 11. As set forth below, we **AFFIRM**.

Early in the morning on October 11, 2017, Williams and another man armed with a rifle approached a Chevy Cruz in a driveway and forced the occupants out of the vehicle. Williams

fled to another vehicle driven by a getaway driver, while his accomplice drove off in the Chevy Cruz. Later that same morning, Williams and a juvenile, both wearing hooded sweatshirts and masks and the juvenile carrying an AR-15, entered the Willoughby-Eastlake Schools Credit Union and yelled that it was a robbery. When an armed security guard drew his weapon, Williams and the juvenile, who dropped the AR-15, fled the credit union. Police arrested Williams and the juvenile after a foot chase; Melvin Hill, their driver, was also arrested.

A federal grand jury subsequently returned an indictment charging Williams and Hill in Count 1 with attempted armed robbery of a credit union, in violation of 18 U.S.C. §§ 2 and 2113(a), (d), and (g), and in Count 2 with brandishing a firearm during and in relation to that attempted armed credit union robbery, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). The indictment also charged Williams in Count 3 with carjacking, in violation of 18 U.S.C. § 2119(1), and in Count 4 with brandishing a firearm during and in relation to that carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Pursuant to a written plea agreement, Williams pleaded guilty to all four counts. The district court sentenced Williams to a total of 205 months of imprisonment, followed by five years of supervised release.

In this timely appeal, Williams argues that the district court accepted his guilty plea to Count 1, attempted armed credit union robbery, in violation of Rule 11 because the plea colloquy (1) failed to advise him as to the accomplice element of the crime and (2) failed to provide a factual basis for the dangerous weapon element of the crime. Williams asks this court to vacate his guilty plea as to Count 1; vacate his guilty plea as to Count 2, brandishing a firearm during and in relation to a crime of violence, because Count 1 is the predicate offense for that count; and remand to the district court to allow him to plead anew or for further development of the record.

Williams acknowledges that he did not raise his Rule 11 objections before the district court and that plain-error review therefore applies. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Taylor*, 627 F.3d 1012, 1017 (6th Cir. 2010). To establish plain error, Williams "must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity[,] or public reputation of the judicial

proceedings." *United States v. McCreary-Redd*, 475 F.3d 718, 721 (6th Cir. 2007) (quoting *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998)).

Williams first argues that the district court's failure to advise him as to the accomplice element of Count 1 violated Rule 11(b)(1)(G). During the plea colloquy required under Rule 11, the district court "must inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). "At a minimum, the defendant must understand the 'critical' or 'essential' elements of the offense to which he or she pleads guilty." *United States v. Valdez*, 362 F.3d 903, 909 (6th Cir. 2004).

Williams contends that Count 1 of the indictment charged him as an accomplice under 18 U.S.C. § 2 because he was not armed during the offense and that he could not meaningfully appreciate the nature of the charge without an explanation of accomplice liability under that statute. Section 2 "does not create a separate crime, but rather abolishes the common law distinction between the principals and accessories." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177-78 (6th Cir. 1992). Because aiding and abetting is "a theory of liability 'embodied in every federal indictment, whether specifically charged or not,' and not a distinct substantive crime," *United States v. McGee*, 529 F.3d 691, 695 (6th Cir. 2008) (quoting *United States v. Floyd*, 46 F. App'x 835, 836 (6th Cir. 2002)), the district court was not required to advise Williams about accomplice liability to satisfy Rule 11(b)(1)(G). *See United States v. Camacho*, 233 F.3d 1308, 1315 (11th Cir. 2000) (rejecting the defendant's argument that the district court was required to explain aiding and abetting theory); *United States v. Hicks*, 79 F. App'x 749, 751 (6th Cir. 2003) (same).

During the plea colloquy, the prosecutor, at the district court's direction, read the elements for Count 1, attempted armed credit union robbery. Williams affirmed that these elements matched his behavior. These elements were also set out in the plea agreement, which the district court confirmed that Williams had read and discussed with his counsel. In addition, the prosecutor read—and the plea agreement set out—the elements for Count 2, brandishing a firearm during and in relation to the attempted armed credit union robbery, which specifically included accomplice liability. The record reflects that Williams was informed of and understood

his liability for his accomplice's use of a firearm during the attempted armed credit union robbery and that his plea colloquy satisfied Rule 11(b)(1)(G).

Williams next argues that the district court failed to establish a factual basis for the dangerous weapon element of Count 1 and that the plea colloquy therefore violated Rule 11(b)(3). "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "The purpose of this requirement is to ensure the accuracy of the plea through some evidence that a defendant actually committed the offense." *McCreary-Redd*, 475 F.3d at 722 (quoting *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995)). The district court may determine the existence of a factual basis for the plea "from a number of sources[,] including a statement on the record from the government prosecutors as well as a statement from the defendant." *Id*. (quoting *Tunning*, 69 F.3d at 112).

The district court directed the prosecutor to summarize the factual basis for Williams's guilty pleas. The prosecutor read the summary from the plea agreement, stating in relevant part that Williams, Hill, and the juvenile "attempted to rob the Willoughby[-]Eastlake Schools Credit Union." (R. 55, PageID 365).**[1]** The prosecutor continued: "[The juvenile], armed with an AR-15, and defendant entered the Willoughby[-]Eastlake Schools Credit Union wearing hoodies and masks, and yelled that it was a robbery. An armed security guard inside drew his weapon. After seeing the guard, [the juvenile] dropped the AR-15, and fled with defendant." (*Id*.). Williams agreed that this summary accurately reflected his behavior leading to the charges against him. The prosecutor's summary provided a sufficient factual basis for the dangerous-weapon element of attempted armed credit union robbery. *See* 18 U.S.C. § 2113(d) ("Whoever, . . . in attempting to commit, any offense defined in subsections (a) and (b) of this section, . . . puts in jeopardy the life of any person by the use of a dangerous weapon . . . .").

Williams fails to establish that the district court erred, let alone plainly erred, in conducting the plea colloquy. Accordingly, we **AFFIRM** the district court's judgment.

---

**[1]**Williams asserts that he was not mentioned during the prosecutor's summary of the factual basis for his guilty pleas. The prosecutor read the plea agreement's factual basis verbatim. Comparing the plea agreement with the transcript of the plea colloquy shows that the court reporter mistakenly omitted a comma between "Defendant" and "Melvin Hill" and that the references to "Defendant" denoted Williams. (*Compare* R. 25, PageID 99, *with* R. 55, PageID 365).