NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0413n.06

No. 19-5814

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 17, 2020
DEBORAH S. HUNT, Clerk

CHARLES CARTER,

        Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

        Respondent-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF
TENNESSEE

Before: CLAY, COOK, and WHITE, Circuit Judges.

**CLAY, Circuit Judge.** Petitioner Charles Carter appeals from the district court's order denying his motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255. He asserts that the sentencing court erroneously classified him as a career offender under the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e)(1). For the reasons set forth below, we **AFFIRM** the district court's order.

## BACKGROUND

In August 2007, Charles Carter pleaded guilty to possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court calculated a guidelines range of 180 to 188 months. The range was based in part on the district court's finding that Carter was a career offender because he had three predicate convictions that qualified as either a "serious drug offense" or a "violent felony" under the ACCA. 18 U.S.C. § 924(e)(1). In particular, the court found that Carter had the following predicate convictions: (1) a 1989 Tennessee state conviction for second-degree burglary, (2) a 1993 Tennessee state conviction for aggravated assault, and (3) a

1997 federal conviction for conspiracy to distribute cocaine. The court then imposed a sentence of 180 months' imprisonment—the mandatory minimum under the ACCA for career offenders guilty of § 922(g) violations. 18 U.S.C. § 924(e)(1).

In 2016, Carter filed a § 2255 motion arguing that his classification as a career offender was unconstitutional under the Due Process Clause, because his burglary and assault convictions could no longer qualify as predicate offenses under the residual clause of the ACCA, *see Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), and they were not otherwise predicate offenses. The district court denied the motion. It held that Tennessee second-degree burglary qualifies as a generic burglary under the enumerated-offenses clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), and thus remains an ACCA predicate offense post-*Johnson*. The court also held that Carter's assault conviction is a predicate offense under the ACCA's force clause. The court declined to issue a certificate of appealability ("COA").

Carter timely appealed and we certified the issue of whether his burglary conviction constitutes a predicate offense under the enumerated-offenses clause. *Carter v. United States*, No. 19-5814 (6th Cir. Oct. 4, 2019) (order). In his appellate brief on that issue, Carter also asks this Court to expand his COA to include his claim that his aggravated assault conviction is not a predicate offense.

## DISCUSSION

### Standard of Review

We review *de novo* the denial of Carter's § 2255 motion, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), as well as the district court's determination that his prior conviction is a "violent felony" under the ACCA, *see Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016) (quoting *United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015)).

### I. Tennessee Second-Degree Burglary

The ACCA mandates a minimum sentence of fifteen years' imprisonment for offenders who violate 18 U.S.C. § 922(g) and have three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The term "violent felony" encompasses, in relevant part, any felony that "[1] has as an element the use, attempted use, or threatened use of physical force against the person of another; or [2] is burglary, arson, or extortion, involves use of explosives, or [3] otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(i–ii). The first clause is often referred to as the force clause; the second clause is the enumerated-offenses clause; and the third clause is the residual clause.

The Supreme Court invalidated the residual clause in *Johnson*, 135 S. Ct. at 2563. Therefore, Carter is correct in asserting that if his conviction for second-degree burglary does not satisfy either the force clause or the enumerated-offenses clause, then it is not a predicate offense under the ACCA.

The force clause, as noted, provides that a prior conviction constitutes a predicate "violent felony" if the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Because burglary can be committed without the use or threatened use of force against the "person of another," burglary convictions do not constitute predicate offenses under the force clause. *See United States v. Prater*, 766 F.3d 501, 509 (6th Cir. 2014) (interpreting a similarly worded New York burglary statute). The United States does not contest this point on appeal and has therefore forfeited any argument to the contrary.

Instead, the government relies on the enumerated-offenses clause to justify Carter's classification as a career offender. The clause plainly enumerates "burglary." 18 U.S.C. § 924(e)(2)(B)(ii). However, to determine whether Carter's specific state burglary conviction

satisfies this provision, we must apply the categorical approach. That is, we must assess whether the elements that make up Tennessee second-degree burglary are "the same as, or narrower than" the elements of "the offense as commonly understood [i.e., generic burglary]." *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the elements of the state crime of conviction are broader than those of the generic crime, then the state conviction does not qualify as a predicate offense. Carter claims that his state conviction for second-degree burglary cannot constitute an enumerated offense because Tennessee defines burglary more broadly than generic burglary.

The Tennessee burglary statute in effect at the time Carter was convicted defined second-degree burglary as "the breaking and entering into a dwelling house or any other house, building, room or rooms therein used and occupied by any person or persons as a dwelling place or lodging either permanently or temporarily and whether as owner, renter, tenant, lessee or paying guest, by day, with the intent to commit a felony." Tenn. Code Ann. § 39-3-403(a) (1982). Carter focuses on the meaning of the phrase "entering . . . with the intent to commit a felony" and under what circumstances entry can be completed. He contends that it was well established at the time of his conviction that Tennessee law allowed for burglary convictions when an instrument was used only to gain entry to a building, even where the defendant himself neither physically entered the building nor committed any felony therein. He terms this the "any-instrument" rule and contrasts it with the narrower "instrument-for-crime" rule that requires the instrument also be used to commit a felony therein after entry. Appellant's Br. at 14–15. For instance, if an individual uses a coat hanger to reach through an open window and steal an expensive piece of jewelry while remaining outside the building, then she has committed an entry under the "instrument-for-crime" rule. If instead she uses the coat hanger only to pry open a door, but neither enters the building nor steals anything, then she has committed an entry only under the broader "any-instrument" rule.

Carter contends that the "instrument-for-crime" rule was the majority rule at the time of his conviction, and so it should be part of the definition for generic burglary. He further argues that at the time of his conviction Tennessee allowed for second-degree burglary convictions under the broader "any-instrument" rule. Therefore, Carter concludes, the Tennessee statute under which he was convicted is broader than generic burglary and his burglary conviction is not a valid predicate offense under the ACCA.

The Supreme Court has defined generic burglary as an "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). We have already decided that Tennessee second-degree burglary constitutes an enumerated offense under the generic definition provided in *Taylor*. In *United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012), we held that Tennessee's pre-1989 second-degree burglary statute—Carter's statute of conviction—was "a generic burglary statute" and a conviction under it constitutes a "violent felony" pursuant to the ACCA's enumerated-offenses clause. Although we only expressly considered whether Tennessee's definition was broader than the generic definition with respect to the location of the burglary, in *Brumbach v. United States*, 929 F.3d 791, 795 (6th Cir. 2019), we rejected Carter's argument related to the meaning of "entry." There the petitioner argued, like Carter, that because Tennessee law allegedly follows the "any-instrument" rule the definition of "entry" in Tennessee's aggravated-burglary statute was necessarily broader than the generic definition. Brief for Appellee at 15–16, *Brumbach*, 929 F.3d 791 (Nos. 18-5703/5705). We observed that "[e]ven if there is merit to Brumbach's arguments concerning Tennessee's definition of entry," prior precedent controls and his convictions for aggravated burglary are predicate offenses. *Brumbach*, 929 F.3d at 795. By rejecting this argument, *Brumbach* prevents us from ignoring our earlier, unqualified holding in *Jones* that a

conviction for Tennessee second-degree burglary is a predicate offense under the ACCA's enumerated-offenses clause.

We have also had occasion in recent months to address this issue and have repeatedly reaffirmed *Brumbach*. In *United States v. Brown*, 957 F.3d 679, 683 (6th Cir. 2020), we found that *Brumbach* rejected the argument that "Tennessee's version of burglary is still broader than the Supreme Court's generic version . . . because Tennessee's definition of 'enter' for its burglary statute covers conduct that would qualify only as attempted burglary at common law." Therefore, Brown's argument to the contrary should be directed "to our en banc court or the Supreme Court." *Id.* at 684. We nevertheless evaluated Brown's argument on the merits—albeit in dicta—and concluded that generic burglary includes the broader "entry-by-instrument" rule and therefore, Tennessee aggravated burglary is categorically a crime of violence. *Id.* at 684–89; *see also United States v. Buie*, 960 F.3d 767, 771 (6th Cir. 2020) (finding that defendant's argument that aggravated burglary is broader than generic burglary because the definition for Tennessee burglary includes the any-instrument rule is "foreclosed by precedent" (citing *Brumbach*, 929 F.3d at 795), and is "meritless" (citing *Brown*, 957 F.3d at 683–89)); *Booker v. United States*, 810 F. App'x 443, 443 (6th Cir. 2020) (same).[1]

---

[1] After briefing closed in this case, Carter filed a letter pursuant to Federal Rule of Appellate Procedure 28(j), citing our recent decisions in *Cradler v. United States*, 891 F.3d 659 (6th Cir. 2018), and *Kitts v. United States*, No. 17-6544, --- F. App'x ---, 2020 WL 2211775 (6th Cir. May 7, 2020). In *Cradler*, we held that Tennessee third-degree burglary is not an ACCA predicate offense because it encompasses "more conduct than generic burglary"—namely, "conduct undertaken when someone is lawfully inside a building." 891 F.3d at 671. In *Kitts*, we reversed the district court's order reducing the defendant's sentence and remanded the case for the district court to determine if Tennessee second-degree burglary was broader than generic burglary for the same reasons third-degree burglary was held to be overbroad in *Cradler*. 2020 WL 2211775, at *3–4. We rejected the argument that *Jones* controlled the outcome, because *Jones* "d[id] not touch upon" Kitts' argument. *Id.* at *4 (finding that the *Jones* court "*assumed* that Tennessee defined its first element, breaking and entering, in conformance with generic burglary" and "[a]ssumptions are not holdings that bind future panels").

Rule 28(j) letters may not raise new arguments or issues that could have been raised previously, *see, e.g.*, *In re Lewis*, 398 F.3d 735, 748 n.9 (6th Cir. 2005); *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 27 n.1 (6th Cir. 2007), and the argument in *Kitts* was based upon *Cradler*—which was available before briefing closed in this case. That said, we may correct plain errors made by the district court, even when not raised on appeal, *United States v. Trammel*, 404 F.3d 397, 401 (6th Cir. 2005), and forfeiting an argument does not extinguish a plain error,

For these reasons we find that the district court did not err in classifying Carter as a career offender under the ACCA and sentencing him accordingly.

## II. Tennessee Aggravated Assault

Carter requests that this Court expand the certificate of appealability in his case to include his claim that a *mens rea* of recklessness does not satisfy the force clause of the ACCA. If his claim is correct, then Carter's conviction for aggravated assault—which, according to his state court indictment, could have been premised on a *mens rea* of recklessness—would not satisfy the force clause. That in turn would mean his assault conviction would not be a predicate offense under the ACCA because assault is not an enumerated offense. *See* 18 U.S.C. § 924(e)(2)(B)(ii). But because this Court already declined to issue a COA on this issue, *Carter v. United States*, No. 19-5814 (6th Cir. Oct. 4, 2019) (order), we construe Carter's argument on appeal as a motion for panel rehearing. It is admittedly not presented as such and so we could dismiss his request for failure to comply with the relevant appellate rule. *See* Fed. R. App. P. 40(a)(2), (b).

Even assuming this issue were properly before us, this Court did not err in previously denying a COA on this issue. *See Bell v. Jones*, 561 F.3d 655, 656 (6th Cir. 2009) (mem.) (denying petition for rehearing because "the original deciding judge did not misapprehend or overlook any point of law or fact when he issued his order"). Binding circuit precedent holds that Tennessee reckless aggravated assault qualifies as a crime of violence under the ACCA's force clause. *Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018). Additionally, in *United States v. Harper*, 875 F.3d 329, 330 (6th Cir. 2017), this Court held that "reckless aggravated assault" in Tennessee "is

---

*see United States v. Olano*, 507 U.S. 725, 733–34 (1993); *Wagner v. United States*, 805 F. App'x 354, 360 (6th Cir. 2020) ("Despite this forfeiture, we could still review the district court's conduct in a § 2255 proceeding on the basis of plain error." (citing *United States v. Frady*, 456 U.S. 152, 166 n.15 (1982))). However, we cannot conclude that the district court committed plain error. Although our decision in *Kitts* suggests that the district court in the present case may have erred in finding second-degree burglary to be a predicate offense under the ACCA, it is only a suggestion. Unless and until this Court revisits its holding in *Jones*, the district court in the present case correctly relied on *Jones* to find that Tennessee second-degree burglary is a predicate offense under the ACCA.

a crime of violence" under the sentencing guideline that uses the same language as the ACCA's force clause—U.S.S.G. § 4B1.2(a). And "[w]e analyze whether a conviction is a violent felony under the ACCA in the same way as whether a conviction is a crime of violence under U.S.S.G. § 4B1.2(a)." *Jones*, 673 F.3d at 504 n.1.

## CONCLUSION

For the reasons stated above, the judgment of the district court is **AFFIRMED**.