NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0557n.06

No. 19-6287

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 29, 2020
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
            Plaintiff-Appellee,              )
                                             )
v.                                           )     ON APPEAL FROM THE
                                             )     UNITED STATES DISTRICT
SAMUEL ALEX GANN,                            )     COURT FOR THE EASTERN
                                             )     DISTRICT OF TENNESSEE
            Defendant-Appellant.             )
                                             )

Before: SILER, SUTTON, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Samuel Alex Gann pleaded guilty to possessing a firearm and ammunition as a felon. Because he had four previous convictions for Tennessee burglary, he was sentenced as a career offender under the Armed Career Criminal Act (ACCA). Gann was sentenced to a within-Guidelines sentence of 180 months' imprisonment. On appeal, he challenges his ACCA classification. Because precedent forecloses his arguments, we AFFIRM.

I.

Officers with the Alcoa Police Department in Tennessee responded to a shoplifting complaint at a Walmart store. When the officers arrived to investigate, they made contact with Gann and discovered that he had a loaded firearm in his pocket. Gann later pleaded guilty to possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). He was classified as an armed career criminal under 18 U.S.C. § 924(e) based on his three prior Tennessee convictions for aggravated burglary and one prior Tennessee conviction for burglary of a building.

*See* Tenn. Code Ann. §§ 39-14-402, 403.  That classification resulted in an advisory Guidelines range of 180 to 210 months' imprisonment.  Gann objected, arguing that his prior burglary convictions did not qualify as predicate offenses under ACCA and that his Guidelines range should instead be 30 to 37 months.  Specifically, Gann argued that the entry element in each of his predicate offenses under Tennessee law is broader than the entry element of "generic" burglary and that his convictions therefore did not qualify as ACCA predicate offenses.  Gann next argued that his three convictions for aggravated burglary are not "generic" because they did not require proof of intent to commit a crime at the time of his unlawful entry.  And finally, he argued that the evidence of his prior aggravated burglary convictions did not establish that he committed those crimes on separate occasions.

The district court rejected Gann's arguments, finding the first two foreclosed by precedent and the last unsuccessful because the record demonstrated that he had committed his prior burglaries on separate occasions.  The district court also rejected Gann's reconsideration request based on a new argument—that the variant of aggravated burglary involved in his convictions did not have an intent element.  After considering the 18 U.S.C. § 3553(a) factors, the court sentenced Gann to a within-Guidelines sentence of 180 months' imprisonment.  Gann timely appealed.

II.

Under ACCA, "a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years."  18 U.S.C. § 924(e)(1).  A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that has "as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary . . . ."  *Id.* § 924(e)(2)(B).

To determine whether a defendant's past convictions under Tennessee law qualify as "burglary," courts employ the categorical approach, comparing the elements of the "generic" crime—"the offense as commonly understood"—to the elements of the statute forming the basis of a defendant's conviction. *Descamps v. United States*, 570 U.S. 254, 257 (2013). A prior conviction qualifies as a predicate under ACCA if the statute's elements are "the same as, or narrower than, those of the generic offense." *Id.* The Supreme Court has defined "generic" burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

The Tennessee burglary statute provides that a person commits burglary when, "without the effective consent of the property owner," he:

(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;

(2) Remains concealed, with the intent to commit a felony, theft or assault, in a building; [or]

(3) Enters a building and commits or attempts to commit a felony, theft or assault[.]

Tenn. Code Ann. § 39-14-402(a)(1)–(3). Gann's prior conviction for burglary of a building falls under the (a)(1) variant of the offense, and Gann's three aggravated burglary convictions fall under the (a)(3) variant of the offense. We review de novo whether a defendant's prior conviction qualifies as a "violent felony" for purposes of ACCA. *United States v. Buie*, 960 F.3d 767, 770 (6th Cir. 2020).

On appeal, Gann offers three reasons why he should not have been sentenced as an armed career criminal. Precedent forecloses each one.

In *United States v. Nance*, we held that "an aggravated-burglary conviction under Tennessee law categorically counts as a burglary under the Supreme Court's generic definition and so falls within [ACCA]." *United States v. Brown*, 957 F.3d 679, 682 (6th Cir. 2020) (citing

*United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007)). Ten years later, our court, sitting en banc, overruled *Nance*, *see United States v. Stitt*, 860 F.3d 854, 861 (6th Cir. 2017) (*Stitt I*), but then the Supreme Court overruled us, *see United States v. Stitt*, 139 S. Ct. 399, 403–04 (2018) (*Stitt II*). Thereafter, we held that *Nance* is "once again the law of this circuit." *Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 974 (2020); *see also Brown*, 957 F.3d at 682.

Since then, we have repeatedly affirmed that "*Brumbach* closed the book on Tennessee aggravated burglary by holding, in a published opinion, that *Nance* once again controls." *United States v. Tigue*, 811 F. App'x 970, 975 (6th Cir. 2020); *see also, e.g.*, *Lurry v. United States*, No. 17-5941, 2020 WL 4581249, at *5 (6th Cir. Aug. 10, 2020) ("Simply stated, this court's precedent after *Stitt II* forecloses his arguments that his prior Tennessee convictions do not qualify as violent felonies under the ACCA." (citing *Brumbach*, 929 F.3d at 794)); *United States v. Morris*, 812 F. App'x 341, 347 (6th Cir. 2020) (Moore, J., concurring) ("Until this court grants en banc review, we must follow *Brumbach*, no matter how 'weighty' the underlying substantive issues or how thoughtfully the issues are addressed.").

Several panels, moreover, have addressed and rejected each of the particular arguments Gann raises now. Gann argues, for example, that the entry element of Tennessee burglary makes it broader than the generic offense. But our cases foreclose this claim. *See Brown*, 957 F.3d at 683–89 (rejecting the entry-by-instrument argument, as we did in *Brumbach*, because a panel of this court cannot overrule *Nance*); *United States v. Yerkes*, No. 19-5768, 2020 WL 3889056, at *4 (6th Cir. July 10, 2020) ("But even if we are not bound by [*Brown*], we find *Brown*'s discussion— and rejection on the merits—of the entry-by-instrument argument persuasive.")); *see also Buie*,

960 F.3d at 771 (concluding that the entry-by-instrument argument is both foreclosed by precedent under *Brumbach* and meritless under *Brown*). Gann concedes this point.

Gann also argues that the (a)(3) variant of Tennessee aggravated burglary does not qualify as generic burglary because it lacks generic burglary's intent-to-commit-a-crime element. *See* Tenn. Code Ann. §§ 39-14-402(a), 403. But several panels of this court have also treated this argument as foreclosed by *Brumbach*. *See, e.g.*, *Booker v. United States*, 810 F. App'x 443, 445 (6th Cir. 2020) (acknowledging the intent argument but concluding that "*Brumbach* . . . makes clear that *Nance* is good law and leaves no room for raising still more arguments about Tennessee aggravated burglary"); *Lurry*, 2020 WL 4581249, at *5; *United States v. Schumaker*, No. 17-6535, 2020 WL 4013200, at *3 (6th Cir. July 16, 2020). In light of *Brumbach*, we do the same.

Lastly, Gann argues that the district court violated his Sixth Amendment right to a jury trial when, relying on *Shepard* documents, it found that Gann committed his three aggravated burglary offenses "on occasions different from one another," a prerequisite for ACCA liability. *See* 18 U.S.C. § 924(e)(1). Gann concedes, however, that "[t]his question was recently answered in *United States v. Hennessee*, 932 F.3d 437 (6th Cir. 2019), and not in [his] favor." Gann's candid concession is correct; *Hennessee* forecloses this argument. *See id.* at 444–45.

In light of our caselaw, the district court properly determined that Gann had at least three prior convictions for violent felonies under ACCA and sentenced him accordingly.

* * *

We AFFIRM the judgment of the district court.