RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0046p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

SHENISA MOHAMMED,

*Petitioner*,

*v.*

No. 24-3649

PAMELA BONDI, Attorney General,

*Respondent*.

─────────────────

On Petition for Review from the Board of Immigration Appeals.
No. A 089 149 340.

Decided and Filed:  March 4, 2025

Before:  GRIFFIN, NALBANDIAN, and MATHIS, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Michael S. Henry, HENRY & GROGAN, Philadelphia, Pennsylvania, for Petitioner.  Jaclyn G. Hagner, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────────

## OPINION

─────────────────

MATHIS, Circuit Judge.  Shenisa Mohammed seeks review of a decision of the Board of Immigration Appeals ("BIA") ordering her removal from the United States for having been convicted of an aggravated felony under the Immigration and Nationality Act ("INA"). Mohammed raises one issue: Is her Virginia arson conviction an "aggravated felony" under the INA, making her deportable under 8 U.S.C. § 1227(a)(2)(A)(iii)?  Because we answer in the affirmative, we deny her petition for review.

## I.

Shenisa Mohammed is a citizen and native of Trinidad and Tobago.  She became a lawful permanent resident of the United States in 2010.  Ten years later, Mohammed pleaded guilty to arson, in violation of Virginia Code § 18.2-77.  The Department of Homeland Security then charged Mohammed as removable under the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), alleging her arson conviction qualified as an aggravated felony.

Mohammed sought cancellation of removal when she appeared before the immigration judge ("IJ").  The IJ concluded that Mohammed's arson conviction was an aggravated felony and that she was therefore removable and ineligible for discretionary relief.  Mohammed appealed to the BIA, which affirmed the IJ's decision and upheld the removal order.  Mohammed timely petitioned for review.

## II.

First, we must confirm our jurisdiction.  We typically have jurisdiction to review "a final order of removal" entered by the BIA.  8 U.S.C. § 1252(a)(1).  But when the reason for removal rests on the noncitizen[1] having committed an "aggravated felony," Congress has limited our review to "constitutional claims or questions of law."  *Id.* § 1252(a)(2)(C), (D).  We must decide whether the BIA erred when it concluded that Mohammed's state conviction for arson constituted an aggravated felony.  This is a "purely legal question."  *Tantchev v. Garland*, 46 F.4th 431, 434 (6th Cir. 2022) (quotation omitted).  Thus, we have jurisdiction to answer the question.

We review de novo "whether a particular state conviction qualifies as an aggravated felony."  *Porter v. Bondi*, 127 F.4th 993, 996 (6th Cir. 2025) (citations omitted).

## III.

Under the INA, the government may remove a noncitizen if she has been convicted of an "aggravated felony."  8 U.S.C. § 1227(a)(2)(A)(iii).  And the INA defines aggravated felony by reference to numerous offenses.  *Id.* § 1101(a)(43).  "The term applies to an offense described in

---

[1]We use the term "noncitizen" as equivalent to the statutory term "alien."  *Santos-Zacaria v. Garland*, 598 U.S. 411, 414 n.1 (2023).

[§ 1101(a)(43)] whether in violation of Federal or State law[.]" *Id.* Pertinent here, an aggravated felony means "an offense described in" 18 U.S.C. § 844(i)—the federal arson statute. *Id.* § 1101(a)(43)(E)(i). The federal arson statute makes it a crime to "maliciously damage[] or destroy[], or attempt[] to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate . . . commerce or in any activity affecting interstate . . . commerce." 18 U.S.C. § 844(i).

We must decide whether Mohammed's conviction for arson under Virginia law is an offense described in the federal arson statute. Because the INA specifies a "conviction, not conduct, as the trigger for immigration consequences," we employ the categorical approach. *Mellouli v. Lynch*, 575 U.S. 798, 806 (2015). In doing so, "we ask whether the state statute defining the crime of conviction categorically fits within the . . . federal definition of a corresponding aggravated felony." *Esquivel-Quintana v. Sessions*, 581 U.S. 385, 389 (2017) (internal quotation marks omitted).

In using the categorical approach to determine whether Mohammed's arson conviction is categorically an aggravated felony, we must "make three related inquiries." *See Keeley v. Whitaker*, 910 F.3d 878, 881 (6th Cir. 2018). "First, we identify the minimum conduct required for" an arson conviction under the applicable Virginia statute. *See id.* Second, we identify the elements of federal arson under § 844(i). *See id.* Finally, "we determine if the minimum conduct criminalized by the [Virginia arson] statute categorically fits within" the federal arson statute. *See id.* at 881–82 (internal quotation marks omitted). If the state offense criminalizes a broader range of conduct than its federal counterpart, it does not qualify as an aggravated felony. *Id.* at 882.

We start by analyzing the Virginia arson statute. Virginia Code § 18.2-77(A) makes it a felony:

> If any person maliciously (i) burns, or by use of any explosive device or substance destroys, in whole or in part, or causes to be burned or destroyed, or (ii) aids, counsels or procures the burning or destruction of any dwelling house or manufactured home whether belonging to himself or another, or any occupied hotel, hospital, mental health facility, or other house in which persons usually dwell or lodge, any occupied railroad car, boat, vessel, or river craft in which

persons usually dwell or lodge, or any occupied jail or prison, or any occupied church or occupied building owned or leased by a church that is immediately adjacent to a church[.]

Thus, a person violates the Virginia arson statute if she: (1) maliciously (2) burns, or aids and abets the burning of, (3) a dwelling house, certain occupied property, or certain property that people generally occupy.  Malice under Virginia law involves "the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will."  *Hamm v. Commonwealth*, 428 S.E.2d 517, 520 (Va. Ct. App. 1993) (quotation omitted).  Accordingly, the minimum conduct criminalized under the Virginia arson statute involves intentionally, or without just cause, aiding and abetting the burning of the property identified in the statute.

We consider next the elements of the federal arson statute.  Those elements are: (1) maliciously, (2) damaging or destroying real or personal property, (3) by means of fire or explosives, and (4) the property was used in interstate commerce or in any activity affecting interstate commerce.  18 U.S.C. § 844(i).  Under the federal arson statute, the term "[m]aliciously" means "the defendant acted intentionally or with willful disregard of the likelihood that damage or injury would result from his or her acts."  *United States v. Dye*, 538 F. App'x 654, 660 n.2 (6th Cir. 2013) (quoting *United States v. Gullett*, 75 F.3d 941, 948 (4th Cir. 1996)).

At the last step, we compare the minimum conduct criminalized by the Virginia arson statute with the elements of the federal arson statute.  We ignore the fourth element—the interstate-commerce element—"when determining if a state offense counts as an aggravated felony."  *Torres v. Lynch*, 578 U.S. 452, 473 (2016).  Otherwise, both statutes prohibit individuals from acting maliciously to burn property.  The primary difference between the statutes is that the Virginia arson statute expressly applies to conduct that aids and abets arson while the language of the federal arson statute does not.  Mohammed bases her challenge on this difference, arguing it makes the Virginia arson statute broader than the federal arson statute.  Mohammed's argument is misplaced.

Like "all States and the Federal Government," Virginia has removed any distinction between principals and accomplices for purposes of criminal liability.  *Gonzales v. Duenas-*

*Alvarez*, 549 U.S. 183, 189 (2007); Va. Code Ann. § 18.2-18; *Thomas v. Commonwealth*, 688 S.E.2d 220, 234–35 (Va. 2010); *cf. United States v. Buie*, 960 F.3d 767, 771–73 (6th Cir. 2020). As a result, "[t]here is no distinction between aiding and abetting the commission of a crime and committing the principal offense." *United States v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020). And as we have indicated, the federal aiding-and-abetting statute, 18 U.S.C. § 2, "does not create a separate crime, but rather abolishes the common law distinction between the principals and accessories," *United States v. Williams*, 941 F.3d 234, 236–37 (6th Cir. 2019) (per curiam) (quotation omitted). In fact, "aiding and abetting is embedded in federal indictments," and "an indictment need not charge or refer to 18 U.S.C. § 2 to support a conviction based on a theory of aiding and abetting." *United States v. McGee*, 529 F.3d 691, 696 (6th Cir. 2008). So an individual could be convicted of aiding and abetting arson under § 844(i) without a reference to § 2 in the indictment.

In this way, the federal arson statute's silence about accomplice liability and the INA's failure to expressly reference § 2 represents nothing more than a technical consideration that has no place in our application of the categorical approach. *See Torres*, 578 U.S. at 468–69 ("When the differences among elements of the state and federal crimes reflect . . . technical[] considerations alone, . . . the state law will have no effect in the area." (internal quotation marks omitted)). We are not alone in this conclusion. *See, e.g.*, *Alfred v. Garland*, 64 F.4th 1025, 1032 (9th Cir. 2023) (en banc) ("We discern no relevant difference between (1) a statute that defines a crime and expressly punishes aiding and abetting and (2) a statute that defines a crime and is subject to another statute that expressly punishes aiding and abetting all crimes, including the particular crime in question."); *Bourtzakis v. U.S. Att'y Gen.*, 940 F.3d 616, 622 (11th Cir. 2019) (holding that a state drug statute which holds individuals liable "as either an accomplice or a principal" is not "broader" than the analogous federal drug-trafficking law, notwithstanding that § 2 provides for aider-and-abettor liability, so long as both statutes proscribe the same conduct that qualifies for accomplice liability); *United States v. Cammorto*, 859 F.3d 311, 316 (4th Cir. 2017) ("[T]he federal statute's silence regarding aiding and abetting is not at all revealing" because "an express inclusion of 'aiders and abettors' would have been redundant, given federal law's pervasive provision that aiders and abettors are principals.").

We have explained that "aiding and abetting is simply an alternative theory of liability indistinct from the substantive crime." *Nicholson v. United States*, 78 F.4th 870, 880 (6th Cir. 2023) (quotation and brackets omitted). This matters because our "categorical analysis is reserved for the *elements* of the offense." *United States v. Carr*, 107 F.4th 636, 666 (7th Cir. 2024).

Because the federal arson statute necessarily incorporates the aiding-and-abetting statute, the Virginia arson statute is not broader than the federal arson statute. Therefore, Mohammed's state arson conviction qualifies as an aggravated felony.

## IV.

For these reasons, we **DENY** the petition for review.